**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MOHAMED SREIMA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Civil Action No. 26-540 (MAS)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Petitioner's motion challenging the outcome of his bond hearing. (ECF No. 11.) The Government filed an opposition to that motion (ECF No. 14), to which Petitioner replied (ECF No. 17). For the following reasons, Petitioner's motion is denied.

By way of background, in his habeas petition, Petitioner argued that he was improperly being detained without bond pursuant to the Government's interpretation of 8 U.S.C. § 1225(b)(2). (ECF No. 1.) Petitioner filed that petition on or about January 16, 2026. (ECF No. 1.) On January 18, 2026, Petitioner was transferred to a facility in Texas, and then moved to a final location in Mississippi the following day. (*See* ECF No. 14 at 2.)

On January 28, 2026, the Court entered a briefing schedule for this matter. (ECF No. 3.) Following briefing, the Court granted Petitioner's habeas petition and ordered that the Government provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 6.) The order contained a clause stating that Petitioner was not to be transferred out of New Jersey prior to the bond hearing based on the assumption that he was still in a New Jersey facility—a point neither the Government nor Petitioner clarified during the period between his transfer and the entry of this Court's Order granting bond. (*Id.*) Petitioner ultimately received a bond hearing before an immigration judge in the Lasalle Immigration Court on February 24, 2026, five days after

Petitioner's counsel was provided notice of the hearing. (*See* ECF No. 14 at 2; ECF No. 9.) Following that hearing, the immigration judge denied bond, finding that Petitioner was a flight risk. (ECF No. 9-1.)

During Petitioner's bond hearing, Petitioner was represented by counsel who appeared on his behalf. Petitioner also appeared remotely at the hearing and was assisted by an interpreter. At the hearing, Petitioner's counsel was provided an opportunity to present any argument or evidence as to Petitioner's danger or flight risk. During this argument, Petitioner argued that he planned to file an appeal of the pretermission of his asylum claim. Petitioner also indicated that he had obtained a sponsor who would be willing to pay bond and provide Petitioner with a place to reside. Petitioner, however, did not identify the sponsor. The Government argued that Petitioner was a flight risk in light of the pretermission of Petitioner's asylum applications, Petitioner's failure to pay the applicable fees for his relief applications, and the lack of information on the sponsor and the sponsor's financial application. Petitioner's counsel in reply stated that more information would be forthcoming as to the sponsor and that he would file further documents. Petitioner's counsel, however, did not request a continuance or provide any time frame for these alleged future filings.[1]

Following these arguments, the immigration judge found no evidence that Petitioner was a danger to the community. The immigration judge found, however, that Petitioner had failed to establish that he was not a flight risk. The judge specifically noted that Petitioner had provided no evidence of a sponsor and no evidence of strong community ties. The judge found that Petitioner, consequently, failed to establish that he was not a flight risk and denied Petitioner bond.

[1] Counsel also argued, incorrectly, that this Court had ordered Petitioner returned to New Jersey. No such order was ever entered in this matter.

In his motion, Petitioner first contends that his bond hearing was improper because the Government did not transfer Petitioner back to New Jersey prior to holding a bond hearing. Petitioner believes this violated the Court's order barring transfers. The no-transfer order, however, was entered after Petitioner was transferred out of New Jersey but before either party raised the issue to the Court. Although Petitioner frames this as a violation of the Court's Order, it was not. The Government did not transfer Petitioner out of New Jersey following the Court's Order. Rather, the transfer had already occurred, and Petitioner raised no complaint about the transfer until it had passed. In any event, because Petitioner received the relief the Court ordered—a bond hearing before an immigration judge—and the immigration judge held that hearing in accordance with this Court's Order, Petitioner suffered no harm as a result of his transfer. As Petitioner's transfer predated any order barring transfers and did not violate this Court's Order, that Petitioner was transferred and received his bond hearing before an immigration judge while at his new facility provides no basis for relief.

In the remainder of his motion, Petitioner argues that his bond hearing was improper. Petitioner's bond hearing was held pursuant to 8 U.S.C. § 1226(a), under which the Government may detain aliens, but must accord them with a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). That a petitioner disagrees with how the immigration judge weighed the evidence serves as no basis for relief, and this Court has no jurisdiction to second-guess the immigration judge's decisions. 8 U.S.C. § 1226(e). Instead, the Court may only review bond hearings under the statute for fundamental fairness. *See, e.g.*, *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022

WL 574624, at *2 (3d Cir. Feb. 25, 2022). An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him or her," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . interests." *Id.*

Petitioner argues that his bond hearing was unfair because the immigration judge prevented him from presenting evidence and arguments in support of his request for bond because he was not granted a continuance to file further documents and provide more information as to his proposed sponsor. The recording of the bond hearing demonstrates, however, that Petitioner *did not* actually make a request for a continuance. Instead, it shows that Petitioner was provided an opportunity to present arguments and evidence on his own behalf, and to respond to the Government's arguments, and that Petitioner failed to present the immigration judge with evidence sufficient to show that he was not a flight risk. Although counsel for Petitioner did state that further filings would be "forthcoming" regarding Petitioner's alleged sponsor, no such documents were provided or filed prior to or at the hearing despite several days' notice to Petitioner. In addition, counsel did not request on the record a continuance to be able to file those documents.

The record before this Court thus does not demonstrate that Petitioner's bond hearing was fundamentally unfair. Petitioner was provided an opportunity to present arguments and evidence, his bond request was decided on a record known to him, and the immigration judge made an individualized determination of his interests based on the evidence provided. Due Process and fundamental fairness require no more. *Ghanem*, 2022 WL 574624, at *2. To the extent Petitioner believes he has further evidence to present or that his circumstances have changed, the correct mechanism for raising such issues is filing a bond redetermination request with the immigration court, not filing further motions before this Court, which is without jurisdiction to second-guess

or override the decisions of the immigration judge at Petitioner's bond hearing. Petitioner's motion shall therefore be denied.

As Petitioner has shown no constitutional defect in the bond hearing he received, his motion (ECF No. 11) must be **DENIED**. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2026